**DCMR d/b/a Diversified Components Manufacturer's Representative, Plaintiff–Appellant,**

v.

**TRIDENT PRECISION MAN-UFACTURING INC., De-fendant–Appellee.**

No. 04–0838.

United States Court of Appeals, Second Circuit.

Oct. 15, 2004.

Katherine Piccola, Rochester, NY, for Plaintiff–Appellant.

Greta Kolcon, Rochester, NY, for Defendant–Appellee.

Present: FEINBERG, HMESKILL and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

DCMR Inc. appeals from the District Court's dismissal of its amended complaint asserting claims of, *inter alia,* breach of contract and breach of the covenant of good faith and fair dealing. This litigation arose out of a contract pursuant to which DCMR agreed to assist in locating purchasers for products manufactured by Trident Precision Manufacturing Inc. ("Trident") in return for commissions. Familiarity with relevant facts, procedural history, and the issues raised on appeal is presumed.

The contract remained in force between July 1999 and September 2001 until it was terminated by Trident, pursuant to a provision the provided that either party may terminate upon thirty days notice. DCMR nonetheless sued Trident for breach of contract and the implied covenant of good faith and fair dealing, contending that Trident improperly terminated the contract for the purpose of avoiding payment of future commissions to DCMR deriving from Trident's work for a company called Applied Science Fiction ("ASF").

Following discovery, the parties moved for summary judgment. The District Court concluded that DCMR's termination claim was barred by the text of the contract which explicitly 1) provided that it could be terminated at any time by either party upon proper notice, and additionally and 2) limited Trident's liability if Trident chose to terminate the contract. The Court properly recognized that the contract permits termination "at any time and for any reason or no reason," *O'Connor v. Eastman Kodak Co.,* 65 N.Y.2d 724, 725, 492 N.Y.S.2d 9, 481 N.E.2d 549 (1985), and dismissed DCMR's contract claim. DCMR's claim for breach of covenant of good faith and fair dealing was premised on its allegation that Trident terminated it to avoid paying commissions. *See Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 112–13 (2d Cir.1985); *but cf. Gallagher v. Lambert,* 74 N.Y.2d 562, 549 N.Y.S.2d 945, 549 N.E.2d 136 (1989). The Court, however, concluded that DCMR failed to establish any such motive because it found that DCMR "has failed to offer any evidence that it is entitled to additional payments under the contract. [DCMR's] claim for breach of the implied covenant of good faith and fair dealing cannot substitute for an unsustainable breach of contract claim." *DCMR v. Trident Precision Mfg.,* 317 F.Supp.2d 220, 226 (W.D.N.Y.2004). Accordingly, it dismissed the complaint. We affirm for essentially the reasons stated in the District Court's thoughtful and comprehensive opinion.